13-337-cv
*Bensinger v. Denbury Resources, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT: RALPH K. WINTER,
　　　　　 RICHARD C. WESLEY,
　　　　　 SUSAN L. CARNEY,
　　　　　　　　　 *Circuit Judges*.

---

ELI BENSINGER, individually and on behalf of all others similarly situated,
　　　　　　 *Plaintiffs-Appellees*,

　　　　 v.　　　　　　　　　　　　　　　 13-337-cv

DENBURY RESOURCES INC.,
　　　　　　 *Defendant-Appellant*.

---

| FOR DEFENDANT APPELLANT: | JESSIE M. GABRIEL, (Jerry R. Linscott, , Marco Molina, Mark A. Kornfeld, *on the brief*), Baker & Hostetler LLP, New York, New York |
|---|---|

FOR PLAINTIFFS APPELLEES: DAVID C. KATZ, (Joseph H. Weiss, Mark D. Smilow, Joshua M. Rubin, *on the brief*) WeissLaw LLP, New York, New York

Appeal from the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the district court be and hereby

is **AFFIRMED.**

This securities class action comes to us on an interlocutory appeal following class certification. Plaintiff is a former shareholder of Encore Acquisition Company ("Encore"). He alleges, *inter alia*, that Defendant Denbury Resources Inc. ("Denbury") made several misstatements in its SEC filings in violation of § 11 of the Securities Act, and that, as a result, he received fewer shares than he should have when Encore merged into Denbury. Defendant asks us to reverse the district court's certification of Plaintiff as a class representative, because, he argues, Plaintiff has suffered no damages cognizable under § 11. We find that Defendant's arguments are not suitable for resolution on interlocutory review.

Federal Rule of Civil Procedure 23(f) provides for interlocutory review of orders regarding class certification. On an interlocutory appeal, however, we only review the district court's certification order. *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 38 n.4 (2d Cir. 2009). We review the merits of the underlying case only in so far as they overlap with the elements of class certification. *Id*. at 35-36, 38 & n.4; *see also Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

The crux of Defendant's argument is that since Plaintiff's asserted injury does not fall within the scope of § 11's damages provision, he has suffered no injury. Therefore, according to Defendant, Plaintiff has no standing and the district court had no jurisdiction to certify the class. Defendant mischaracterizes his own argument.

It is axiomatic that, without injury, a plaintiff has no standing, and federal courts have no jurisdiction to decide the case. It is also true that in statutory cases injury is determined by the scope of the rights created in the statute. *Donoghue v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 178 (2d Cir. 2012). In this case, however, there is no reasonable dispute that Plaintiff's asserted injuries are constitutionally sufficient. He claims to have been denied valuable property as a

result of Defendant's misstatement. As to Defendant's argument that Plaintiff's injuries do not fit within the scope of the statute: Defendant is arguing for one interpretation of a federal statute under which Plaintiff cannot recover; Plaintiff is arguing for another interpretation under which he can. This is at the core of our federal question jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Put differently, Defendant's argument, properly construed, is not that Plaintiff lacks standing, but that Plaintiff fails to state a claim. Failing to state a claim, however, is not the same as being without standing to bring the claim. "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction" unless the claim is entirely frivolous. *Id.* Plaintiff's claim is not frivolous.[1] Since Defendant's arguments go to the merits of Plaintiff's case, not the power of the district court to certify the class, they are not properly raised in this appeal. Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We express no opinion about the ultimate merits of Plaintiff's claim.